NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SINGALONG, INC., Respondent.

No. 79–1168.

United States Court of Appeals, Sixth Circuit.

Jan. 6, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Paul Spielberg, Allison Beck, Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Ellsworth K. Hanlon, Hanlon & Messina, Dearborn, Mich., for respondent.

Before ENGEL and BROWN, Circuit Judges and MARKEY, Chief Judge, Court of Customs & Patent Appeals.*

ORDER

An Administrative Law Judge and the National Labor Relations Board have found the respondent, Singalong, Inc., violated Section 8(a)(5) and (1) of the Act by refusing to sign a collective bargaining contract embodying the terms of an oral agreement that had been made by a representative of Singalong and a representative of a Union. Decision and Order of the Board are reported at 239 N.L.R.B. No. 170. The Board's order, as to which it seeks enforcement here, requires the respondent to desist from such unfair labor practice and from interfering with its employees' exercise of their rights under Section 7 of the Act. The order also requires the company to execute such collective bargaining agreement upon request and to give effect to such contract retroactively to October 1, 1977, to make whole respondent's employees for losses suffered because of the failure to execute the contract, and to post notices.

The only issue in this case is whether or not there is substantial evidence in the record on the whole to support the Board's determination that a representative of the Union and a representative of respondent

---

* Honorable Howard T. Markey, Chief Judge, Court of Customs and Patent Appeals, sitting by designation.

**610**

orally agreed to the terms of a collective bargaining contract. The Union had represented the employees at respondent's restaurant under a collective bargaining contract and negotiations went on for some time between a representative of the Union and a representative of respondent with respect to changes that would be made to the existing contract that was to expire on September 30, 1977. The Administrative Law Judge and the Board accepted as more credible the account of these negotiations testified to by the Union representative and concluded that there was an oral agreement containing the terms of a new contract between the parties. Accordingly, since the testimony of the Union representative that such an agreement had been made constitutes substantial evidence, the decision of the Board must be affirmed and its order enforced.

It is therefore ORDERED that the decision of the Board be and the same is hereby affirmed and its order be and the same is hereby enforced.